United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   GLENN VIERRA,                          No C 05-2307 VRW

12              Plaintiff,
                                                 ORDER
13          v

14   JO ANNE B BARNHARDT, Commissioner
     of Social Security
15
                Defendant.
16
     _____/
17

18

19          Plaintiff Glenn Vierra commenced this action on June 7,

20   2005.  On January 11, 2006, the government lodged the administrative

21   transcript with the court and, the following day, answered, thus

22   triggering a thirty-day time period in which plaintiff was to serve

23   and file his summary judgment motion.  See Procedural Order for

24   Social Security Actions, Doc # 2.

25          This court's Local Rule 7-2 provides as follows regarding

26   the form of papers submitted on a motion:

27   \\

28   \\

United States District Court
For the Northern District of California

(b) Form.  In <u>one filed document not exceeding 25 pages in length</u>, a motion must contain:

(1) On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;

(2) In the first paragraph, notice of the motion including date and time of hearing;

(3) In the second paragraph, a concise statement of what relief or Court action the movant seeks; and

(4) In the succeeding paragraphs, the points and authorities in support of the motion ⸺ in compliance with Civil LR 7-4(a).

(Emphasis added.)  Local Rule 7-4, in turn, sets forth further requirements regarding the form and content of briefs, quoted in pertinent part below:

(a) Content. [A] brief or memorandum of points and authorities * * * must contain:

(3) A statement of the issues to be decided;

(4) A succinct statement of the relevant facts; and

(5) Argument by the party, citing pertinent authorities.

After requesting and obtaining four extensions of time to file his motion, plaintiff filed, on July 31, 2006, two documents: (1) "Memorandum in Support of Plaintiff's Motion for Summary Judgment or remand," Doc # 20, which runs to twenty-five pages not including tables; and (2) "Statement of Facts and Statement of Case," Doc # 21, which runs to nine barely-legible pages.  Of note, plaintiff did not file a notice of motion, with the result that the clerk's office did not docket these submissions as a motion. Moreover, plaintiff's counsel did not provide chambers copies to the court as required by paragraph 1.4 of the standing order of the undersigned judge.  (Counsel filed a notice of motion on October 13

and thereafter provided chambers copies of all previously-filed papers after being directed to do so by the clerk's office.)  At no time did plaintiff seek leave of court to exceed LR 7-2's page limit.

Plaintiff's papers are not in compliance with the local rules.  Moreover, plaintiff's counsel submitted papers in a different case before the undersigned judge that were similarly configured to avoid the page limits set forth in LR 7-2.  See <u>Moak v Barnhart</u>, 03-2951, Documents 13 (Statement of facts) and 14 (Memorandum).

A search of the court's electronic docket revealed that plaintiff's counsel, Candace Davenport, has represented plaintiffs in ninty-nine social security appeals since 1994.  She must therefore be presumed experienced in federal court processes and procedures.  A review of the two pending cases before the court in which the plaintiff is represented by Ms Davenport and the summary judgment motion has been filed reveals similar brief-splitting to avoid the page limits:  in both <u>Roland v Barnhart</u>, 05-2147 SI and <u>Mead v Barnhart</u>, 05-4793 SI, plaintiff's separate memoranda and statement of facts total forty-six pages, yet in neither case does the docket reflect that leave to exceed the page limit was granted.

<u>The court now orders as follows</u>:  within twenty-one days of the date of this order, plaintiff's counsel shall (1) refile her moving papers in compliance with the local rules; and (2) show cause why she should not be referred to the court's Standing Committee on Professional Responsibility for possible disciplinary action based on what appears to be a pattern of systematic violation of the local rules.  Failure to comply with this order in

United States District Court

For the Northern District of California

3

a timely manner may result in the imposition of appropriate

sanctions.

        IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

United States District Court

For the Northern District of California

4